RECEIVED
APR -5 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

FORM B104 (08/07)                                                      2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Ronald Tutor, et al. | DEFENDANTS<br>Susan Tregub | **BY FAX** |
|---|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Robert Blonstein, Esq.   Tel. 310.286.3400<br>Castle & Associates<br>19725 Century Park East, Suite 210, Los Angeles, CA  90067 | ATTORNEYS (If Known)<br>Hayes F. Michel, Bar No. 141841,   Tel. 310.820.8800<br>Baker & Hostetler LLP<br>12100 Wilshire Blvd., 15th Floor, Los Angeles, CA  90025 |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of Fiduciary Duty and Professional Negligence. This is a Los Angeles Superior Court action Case No. 434558 that is being removed to U.S. Federal Bankruptcy Court pursuant to 28 U.S.C. 1334 and 1441.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other  [1]

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false
    representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
    larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other  [2]

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment  [3]

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state
    court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Declaratory and Injunctive Relief

<u>SCHEDULE A</u>

<u>FORM B104 ADDITIONAL INFORMATION</u>

<u>Additional Plaintiffs:</u>

DAVID BERGSTEIN, an individual; RONALD TUTOR, an individual; R2D2, LLC, a California limited liability company; CT-1 HOLDINGS, LLC, a Delaware limited liability company; CAPITOL FILMS DEVELOPMENT, LLC, a California limited liability company; CAPCO GROUP LLC, a Delaware limited liability company; THINKFILM LLC, a Delaware limited liability company; TF CANADIAN LIBRARY HOLDINGS, LLC, a Delaware limited liability company; FPLAC LLC, a Delaware limited liability company; ZOOPRAXIS FILM ASSETS, LLC, a Delaware limited liability company; CF AQUISITIONS, LLC, a Deleware limited liability company; LIBRARY ASSET ACQUISITION COMPANY, LTD., a United Kingdom corporation; LIBRARY RIGHTS COMPANY, LTD., a United Kingdom corporation; REEL TRANSIT INVESTMENTS, LLC, a Louisiana limited liability company; TENDERLOIN HOLDINGS, LLC, a Delaware limited liability company; BONTEMPO HOLDINGS, LLC, a Delaware limited liability company; LAVENDAR PRODUCTIONS, LLC, a Delaware limited liability company; NAILED PRODUCTIONS, LLC, a Delaware limited liability company,

<u>Plaintiff Attorneys:</u>

Lucia E. Coyoca, Esq.
Mitchell, Silberberg & Knupp, LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064
Tel. 310.312.3250

| Name of Debtor | Case No. |
| --- | --- |
| R2D2, LLC, a California limited liability company | 2:10-bk-19924 |
| CT-1 HOLDINGS, LLC, a Delaware limited liability company | 2:10-bk-19927 |
| CAPITOL FILMS DEVELOPMENT, LLC, a California limited liability company | 2:10-bk-19938 |
| CAPCO GROUP LLC, a Delaware limited liability company | 2:10-bk-19929 |
| THINKFILM LLC, a Delaware limited liability company | 2:10-bk-19912 |

FORM B104 (08/07), page 2                                                      2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| **NAME OF DEBTOR**<br>See attached Schedule | **BANKRUPTCY CASE NO.**<br>See attached |

| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District California | **DIVISIONAL OFFICE**<br>Los Angeles | **NAME OF JUDGE**<br>Barry Russell |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |

| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
|---|---|---|

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*Hayes Michel*

| **DATE**<br>4/2/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Hayes F. Michel, Esq. |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, under the jurisdiction of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER
HAYES F. MICHEL, BAR NO.  141841
hmichel@bakerlaw.com
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025
Tele:  (310) 820-8800 - Fax: (310) 820-8859
ATTORNEYS FOR:  Defendant SUSAN TREGUB



FILED
APR 02 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Tutor, et al., | CASE NUMBER  BC 434358 |
| | 10 bk 1a924 |
| Plaintiff(s) | |
| v. | |
| Susan Tregub, | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1)** |
| Defendant(s). | |

TO: THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for Defendant Susan Tregub
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| David Bergstein | Plaintiff |
| Ronald Tutor | Plaintiff |
| R2D2, LLC | Plaintiff |
| CT-1 Holdings, LLC | Plaintiff |
| Capitol Films Development, LLC | Plaintiff |
| Capco Group, LLC | Plaintiff |
| Thinkfilm LLC | Plaintiff |
| TF Canadian Library Holdings, LLC | Plaintiff |
| FPLAC LLC | Plaintiff |
| Zoopraxis Film Assets, LLC | Plaintiff |
| CF Acquisitions, LLC | Plaintiff |
| Library Rights Company, LTD | Plaintiff |
| Reel Transit Investements, LLC | Plaintiff |
| Tenderloin Holdings, LLC | Plaintiff |
| Bontempo Holdings, LLC | Plaintiff |
| Lavendar Productions, LLC | Plaintiff |
| [SEE ATTACHED SCHEDULE A FOR ADDL PARTIES | |

FILED
APR - 5 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

Date   April 1, 2010

_Hw Mll_
Sign
Hayes F. Michel

Defendant SUSAN TREGUB
Attorney of record for or party appearing in pro per

American LegalNet, Inc.
www.USCourtForms.com

## SCHEDULE A

PARTY                                              CONNECTION

Nailed Productions, LLC                            Plaintiff
Susan Tregub                                       Defendant

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On April 1, 2010, I served a copy of the within document(s): **CERTIFICATION AND NOTICE OF INTERESTED PARTIES**

    X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Robert Blonstein, Esq.
Castle & Associates
19725 Century Park East, Suite 210
Los Angeles, CA 90067

Lucia E. Coyoca, Esq.
Mitchell, Silberberg & Knupp, LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064

By Hand Delivery
Los Angeles County Superior Court
111 North Hill Street
Los Angeles, CA 90012

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty pursuant to the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the

009900, 000080, 502817250.1

1  service was made.

2      Executed at Los Angeles, on April 1, 2010.

_____
                                Kimberly Kay

1    Hayes F. Michel
     BAKER & HOSTETLER LLP
2    12100 Wilshire Boulevard, 15th Floor
     Los Angeles, California 90025-7120
3    Telephone:  310.820.8800
     Facsimile:   310.820.8859
4

5    Attorneys for Defendant
     SUSAN TREGUB



FILED

APR - 5 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:
        Deputy Clerk

6

7

8            UNITED STATES BANKRUPTCY COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11   DAVID BERGSTEIN, an individual;
     RONALD TUTOR, an individual; R2D2,
12   LLC, a California limited liability company;
     CT-1 HOLDINGS, LLC, a Delaware limited
13   liability company; CAPITOL FILMS
     DEVELOPMENT, LLC, a California
14   limited liability company; CAPCO GROUP
     LLC, a Delaware limited liability company;
15   THINKFILM LLC, a Delaware limited
     liability company; TF CANADIAN
16   LIBRARY HOLDINGS, LLC, a Delaware
     limited liability company; FPLAC LLC, a
17   Delaware limited liability company;
     ZOOPRAXIS FILM ASSETS, LLC, a
18   Delaware limited liability company; CF
     AQUISITIONS, LLC, a Delaware limited
19   liability company; LIBRARY ASSET
     ACQUISITION COMPANY, LTD., a
20   United Kingdom corporation; LIBRARY
     RIGHTS COMPANY, LTD., a United
21   Kingdom corporation; REEL TRANSIT
     INVESTMENTS, LLC, a Louisiana limited
22   liability company; TENDERLOIN
     HOLDINGS, LLC, a Delaware limited
23   liability company; BONTEMPO
     HOLDINGS, LLC, a Delaware limited
24   liability company; LAVENDAR
     PRODUCTIONS, LLC, a Delaware limited
25   liability company; NAILED
     PRODUCTIONS, LLC, a Delaware limited
26   liability company,,

27           Plaintiffs,

28

Case No. BC434558
        10bk 19924

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

[Filed concurrently with Certification
and Notice of Interested Parties]

Action Filed:  March 25, 2010
Trial Date:    None

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

009900, 000080, 502817250.1           - 1 -

1

2

v.

SUSAN TREGUB, an individual; and
3   DOES 1 through 50, inclusive,

4                    Defendant.

5

6

7       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

8       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446,

9   defendant Susan Tregub ("Tregub") hereby removes the above-captioned matter

10  from the Superior Court of the State of California in and for the County of Los

11  Angeles, to this Court.

12                    **Jurisdiction and Venue**

13      1.      This action is a civil action over which this Court has jurisdiction

14  under the provisions of Title 28 United States Code ("U.S.C.") Section 1334 and is

15  one which may be removed to this Court by Tregub pursuant to the provisions of

16  Title 28 U.S.C. Sections 1441, *et seq.*, insofar as certain of the Plaintiffs (R2D2,

17  LLC, CT1 Holdings, LLC, Capitol Films Development, LLC, Thinkfilm, LLC and

18  Capco Group, LLC) are currently in an involuntary bankruptcy proceeding under

19  Chapter 11 of the United States Bankruptcy Code before this Court.

20      2.      This Court is in the judicial district embracing the place where the

21  state court case was brought and is pending, the Superior Court of California in and

22  for the County of Los Angeles. Thus, this Court is the proper venue to which this

23  case should be removed. 28 U.S.C. §§ 84(c), and 1446(a).

24                        **The Action**

25      3.      On March 25, 2010, Plaintiffs commenced an action in the Superior

26  Court of California in and for the County of Los Angeles, entitled *Ronald Tutor, et*

27  *al. v. Susan Tregub,* Court Case No. BC 434 558 (the "Action"). Pursuant to Title

28  28 U.S.C. Section 1446(a), a true and correct copy of all process, pleadings, and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

009900, 000080, 502817250.1                - 2 -

1   orders served upon Tregub are attached to this Notice of Removal as Exhibit "A,"

2   pursuant to Title 28 U.S.C. Section 1446(a).

3       4.    Service of the Summons and Complaint was effected on Tregub's

4   counsel on March 25, 2010.  Therefore removal is timely pursuant to Title 28

5   U.S.C. Section 1446(b) in that less than thirty days have elapsed since serve of the

6   Complaint on Tregub.

7       **Claims Arising in or Related to a Pending Bankruptcy Proceeding**

8       5.    Tregub removes the Action on the ground that this Court has federal

9   jurisdiction over Plaintiffs' Complaint because Plaintiffs claims are related to the

10   current proceedings before this Court (cases 2:10-bk-19912, 19924, 19927, 19929,

11   and 19938) (the "Bankruptcy Proceedings").  Title 28 U.S.C. Section 1334(b) states

12   in relevant that "(b) Except as provided in subsection (e)(2), and notwithstanding

13   any Act of Congress that confers exclusive jurisdiction on a court or courts other

14   than the district courts, the district courts shall have original but not exclusive

15   jurisdiction of all civil proceedings arising under title 11, or arising in or related to

16   cases under title 11."

17       6.    In their Complaint, Plaintiffs allege to bring this Action for Breach of

18   Fiduciary Duty and Professional Negligence.  The former cause of action relates to

19   allegations by Plaintiffs that Tregub began contacting creditors and urged them to

20   file involuntary proceedings against Plaintiffs, providing them with confidential

21   information about Plaintiffs in order to induce them to participate in the Bankruptcy

22   Proceedings.

23       7.    Accordingly, the Action is a "core" proceeding and has arisen due to

24   the Bankruptcy Proceedings.  A proceeding is "core" if it invokes a substantive

25   right provided by the Bankruptcy Code or by nature could arise only in the context

26   of a bankruptcy case.  In this matter, the Action did not pre-exist the involuntary

27   bankruptcy filings and has been filed as a result of the Bankruptcy Proceedings,

28   including allegations specific to the conduct of Tregub with regard to the

009900, 000080, 502817250.1       - 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Bankruptcy Proceedings and the petitioning creditors. Additionally, Tregub's

2  rights and obligations with respect to the Plaintiffs are significantly affected as

3  result of Bankruptcy Proceedings. All of these are factors that support the removal

4  of this Action to this Court. *See In Re Wood* (5th Cir. 1987) 825 F.2d 90.

5      8.    To the extent Plaintiffs seek to allege claims that violate California law

6  this action may be properly removed because the state claims form part of the same

7  case or controversy (*i.e.*, there is supplemental jurisdiction pursuant to 28 U.S.C. §

8  1367). *See City of Chicago v. Int'l Conference of Surgeons*, 522 U.S. 156, 156-59,

9  165; 118 S. Ct. 523, 523-25, 529-30 (1997) (the District Court properly permitted

10  removal and exercised supplemental jurisdiction over plaintiff's state law claims

11  where both of plaintiff's state and federal claims derived from "a common nucleus

12  of operative fact.") All of Plaintiffs' claims arise from conduct that they allege was

13  engaged in by Tregub as attorney for Plaintiffs, five of whom are debtors before

14  this Court. Thus, federal jurisdiction exists as to Plaintiffs' claims.

15      9.    As required by Title 28 U.S.C. Section 1446(d), written notice and

16  proof of service of the filing of this removal is being served upon Plaintiffs. In

17  addition, a true and correct copy of these removal papers will be filed with the

18  Superior Court of the State of California in and for the County of Los Angeles.

19

20  Dated: April 1, 2010                    BAKER & HOSTETLER LLP

21

22                                           *Ngu Rll*

23                                           HAYES MICHEL, ESQ.
                                             Attorneys for Defendant
24                                           SUSAN TREGUB

25

26

27

28

009900, 000080, 502817250.1                      - 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUSAN TREGUB, an individual; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID BERGSTEIN, an individual; RONALD TUTOR, an individual; R2D2, LLC,
a California limited liability company,

*Additional Parties Attachment form is attached*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*

Los Angeles County Superior Court
111 North Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lucia E. Coyoca (SBN 128314)    Telephone: (310) 312-2000    Facsimile: (310) 312-3100
Mitchell Silberberg & Knupp LLC
11377 West Olympic Boulevard
Los Angeles, California 90064-1683

DATE:                                Clerk, by _____ , Deputy
*(Fecha)*                            *(Secretario)*                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | SUM-200(A) |
|---|---|
| SHORT TITLE:<br>Bergstein, et al. v. Tregub, et al. | CASE NUMBER: |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☒   Plaintiff      ☐   Defendant      ☐   Cross-Complainant      ☐   Cross-Defendant

CT-1 HOLDINGS, LLC, a Delaware limited liability company; CAPITOL FILMS DEVELOPMENT, LLC, a California limited liability company; CAPCO GROUP LLC, a Delaware limited liability company; THINKFILM LLC, a Delaware limited liability company; TF CANADIAN LIBRARY HOLDINGS, LLC, a Delaware limited liability company; FPLAC LLC, a Delaware limited liability company; ZOOPRAXIS FILM ASSETS, LLC, a Delaware limited liability company; CF ACQUISITIONS, LLC, a Delaware limited liability company; LIBRARY ASSET ACQUISITION COMPANY, LTD., a United Kingdom corporation; LIBRARY RIGHTS COMPANY, LTD., a United Kingdom corporation; REEL TRANSIT INVESTMENTS, LLC, a Louisiana limited liability company; REEL TRANSIT PRODUCTIONS, LLC, a Louisiana limited liability company; TENDERLOIN HOLDINGS, LLC, a Delaware limited liability company; BONTEMPO HOLDINGS, LLC, a Delaware limited liability company; LAVENDER PRODUCTIONS, LLC, a Delaware limited liability company; NAILED PRODUCTIONS, LLC, a Delaware limited liability company.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

1  Nomi L. Castle (Bar No. 113636)
   Robert S. Blonstein (Bar No. 209810)
2  CASTLE & ASSOCIATES
   1925 Century Park East, Suite 210
3  Los Angeles, California 90067
   Telephone: (310) 286-3400
4  Facsimile: (310) 286-3404

5  Lucia E. Coyoca (Bar No. 128314)
   Patricia H. Benson (Bar No. 60565)
6  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
7  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
8  Facsimile: (310) 312-3100

9  Attorneys for Plaintiffs
   RONALD TUTOR, DAVID BERGSTEIN, R2D2, LLC, CT-1 HOLDINGS, LLC,
10 CAPITOL FILMS DEVELOPMENT, LLC, CAPCO GROUP, LLC, CAPITOL FILMS
   US, LLC, THINKFILM, LLC, TF CANADIAN LIBRARY HOLDINGS, LLC, FPLAC
11 LLC, ZOOPRAXIS FILM ASSETS, LLC, CF ACQUISITIONS, LLC, LIBRARY
   ASSET ACQUISITION COMPANY, LTD., LIBRARY RIGHTS COMPANY, LTD.,
12 REEL TRANSIT INVESTMENTS, LLC, REEL TRANSIT PRODUCTIONS, LLC,
   TENDERLOIN HOLDINGS, LLC, BONTEMPO HOLDINGS, LLC, LAVENDER
13 PRODUCTIONS, LLC, and NAILED PRODUCTIONS, LLC,

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                   FOR THE COUNTY OF LOS ANGELES

17                          CENTRAL DISTRICT

18 RONALD TUTOR, an individual; DAVID  )  Case No.      BC434558
   BERGSTEIN, an individual; R2D2, LLC, a )
19 California limited liability company; CT-1  )  COMPLAINT FOR:
   HOLDINGS, LLC, a Delaware limited  )
20 liability company; CAPITOL FILMS  )   1.  BREACH OF FIDUCIARY
   DEVELOPMENT, LLC, a California  )        DUTY
21 limited liability company; CAPCO  )
   GROUP LLC, a Delaware limited liability )  2.  PROFESSIONAL
22 company; THINKFILM LLC, a Delaware )      NEGLIGENCE
   limited liability company; TF CANADIAN )
23 LIBRARY HOLDINGS, LLC, a Delaware )
   limited liability company; FPLAC LLC, a )
24 Delaware limited liability company;  )
   ZOOPRAXIS FILM ASSETS, LLC, a  )
25 Delaware limited liability company; CF  )
   ACQUISITIONS, LLC, a Delaware limited )
26 liability company; LIBRARY ASSET  )
   ACQUISITION COMPANY, LTD., a  )
27 United Kingdom corporation; LIBRARY )
   RIGHTS COMPANY, LTD., a United  )
28 Kingdom corporation; REEL TRANSIT )
   INVESTMENTS, LLC, a Louisiana limited )

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 25 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
     SHAUNYA WESLEY

EXHIBIT "A"

1 | liability company; REEL TRANSIT
    PRODUCTIONS, LLC, a Louisiana                )
2 | limited liability company; TENDERLOIN        )
    HOLDINGS, LLC, a Delaware limited            )
3 | liability company; BONTEMPO                  )
    HOLDINGS, LLC, a Delaware limited            )
4 | liability company; LAVENDER                  )
    PRODUCTIONS, LLC, a Delaware limited         )
5 | liability company; NAILED                    )
    PRODUCTIONS, LLC, a Delaware limited         )
6 | liability company,                           )
                                                 )
7 |                                              )
                  Plaintiffs,                    )
8 |                                              )
          vs.                                    )
9 |                                              )
    SUSAN TREGUB, an individual; and             )
10 | DOES 1 through 50, inclusive,               )
                                                 )
11 |                                             )
    Defendants.                                  )

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      Plaintiffs Ronald Tutor, David Bergstein, R2D2, LLC, CT-1 HOLDINGS, LLC,

2  Capitol Films, Development, LLC, CAPCO Group, LLC, ThinkFilm LLC, TF Canadian

3  Library Holdings, LLC, FPLAC LLC, Zoopraxis Film Assets, CF Acquisitions, LLC,

4  Library Asset Acquisition Company, Ltd., Library Rights Company, Ltd., Reel Transit

5  Investments, LLC, Reel Transit Productions, LLC, Tenderloin Holdings, LLC,  Bon

6  Tempo Holdings, LLC, Lavender Productions, LLC, Nailed Productions, LLC,

7  (collectively, "Plaintiffs') allege as follows:

8     1.    This lawsuit arises out of a lawyer's breach of that most fundamental duty

9  imposed on every lawyer:  To maintain inviolate the attorney client privilege.  A lawyer is

10  mandated by statute, the Rules of Professional Conduct, and the long standing tradition of

11  lawyer ethics to keep confidential all information shared by a client.  A lawyer may not use

12  those client confidences against the client, or act in a manner contrary to the client's

13  interests.  The defendant in this case did that which we are instructed on the very first day

14  of law school one may not do:  She has breached that fundamental obligation by disclosing

15  attorney client privileged information to gain an economic benefit, and sadly, for revenge.

16

17           **THE PARTIES**

18

19     2.    Plaintiff Ronald Tutor ("Tutor") is, and at all times relevant herein was, a

20  resident of Los Angeles County.

21     3.    Plaintiff David Bergstein ("Bergstein") is, and at all times relevant herein

22  was, a resident of Los Angeles County.

23     4.    Plaintiff R2D2, LLC ("R2D2") is and at all times relevant hereto was a

24  limited liability company organized and existing under the laws of the state of California.

25     5.    Plaintiff CT-1 Holdings, LLC ("CT-1") is and at all times relevant hereto

26  was a limited liability company organized and existing under the laws of the state of

27  Delaware.

28     6.    Plaintiff Capitol Films Development, LLC ("Capitol Films Development") is

1 | and at all times relevant hereto was a limited liability company organized and existing

2 | under the laws of the state of California.

3 |     7.    Plaintiff CapCo Group LLC ("CapCo") is and at all times relevant hereto

4 | was a limited liability company organized and existing under the laws of the state of

5 | Delaware.

6 |     8.    Plaintiff ThinkFilm LLC ("ThinkFilm") is and at all times relevant hereto

7 | was a limited liability company organized and existing under the laws of the state of

8 | Delaware.

9 |     9.    Plaintiff TF Canadian Library Holdings, LLC ("TFC Library") is and at all

10 | times relevant hereto was a limited liability company organized and existing under the

11 | laws of the state of Delaware.

12 |     10.    FPLAC LLC ("FPLAC") is and at all times relevant hereto was a limited

13 | liability company organized and existing under the laws of the state of Delaware.

14 |     11.    Zoopraxis Film Assets, LLC ("Zoopraxis") is and at all times relevant hereto

15 | was a limited liability company organized and existing under the laws of the state of

16 | Delaware.

17 |     12.    CF Acquisitions, LLC ("CF Acquisitions") is and at all times relevant hereto

18 | was a limited liability company organized and existing under the laws of the state of

19 | Delaware.

20 |     13.    Library Asset Acquisition Company, Ltd. ("LAAC") is and at all times

21 | relevant hereto was a corporation organized and existing under the laws of the United

22 | Kingdom.

23 |     14.    Library Rights Company, Ltd. ("Library Rights") is and at all times relevant

24 | hereto was a corporation organized and existing under the laws of the United Kingdom.

25 |     15.    Reel Transit Investments, LLC ("Reel Investments") is and at all times

26 | relevant hereto was a limited liability company organized and existing under the laws of

27 | the state of Louisiana.

28 |     16.    Reel Transit Productions, LLC ("Reel Productions") is and at all times

1  relevant hereto was a limited liability company organized and existing under the laws of

2  the state of Louisiana.

3      17.    Tenderloin Holdings, LLC ("Tenderloin") is and at all times relevant hereto

4  was a limited liability company organized and existing under the laws of the state of

5  Delaware.

6      18.    Bontempo Holdings, LLC ("Bontempo") is and at all times relevant hereto

7  was a limited liability company organized and existing under the laws of the state of

8  Delaware.

9      19.    Lavender Productions, LLC ("Lavender") is and at all times relevant hereto

10  was a limited liability company organized and existing under the laws of the state of

11  Delaware.

12      20.    Nailed Productions, LLC ("Nailed") is and at all times relevant hereto was a

13  limited liability company organized and existing under the laws of the state of Delaware.

14      21.    Plaintiffs R2D2, CT-1, Capitol Development, CapCo, ThinkFilm, TFC

15  Library, FPLAC, Zoopraxis, CF Acquisitions, LAAC, Library Rights, Reel Investments,

16  Reel Productions, Tenderloin, Bontempo, Lavender, and Nailed are sometimes referred to

17  collectively hereafter as the "Entity Plaintiffs."

18      22.    At various times relevant hereto, Tutor and Bergstein have held membership

19  interests in one of more of the Entity Plaintiffs.

20      23.    Defendant Susan Tregub ("Tregub") is and at all times relevant hereto was a

21  lawyer licensed to practice in the State of California, and residing and practicing law in

22  Los Angeles County.

23      24.    The true names and capacities, whether individual, corporate, associate or

24  otherwise, of Defendants sued herein as Does 1 through 50, inclusive, are unknown to

25  Plaintiffs. Plaintiffs sue said Does 1 through 50 by their fictitious names. Plaintiffs are

26  informed and believe, and upon such information and belief allege, that each of

27  Defendants designated herein as a Doe is legally responsible in some manner for the events

28  and happenings herein referred to, and legally caused injury and damages to Plaintiffs as

Complaint

20.16-700005
2627425.DOC

1  herein alleged.

2      25.    Plaintiffs are informed and believe, and upon such information and belief

3  allege, that at all times mentioned herein, Defendants, and each of them, were, and are, the

4  principals, agents, members, managers, employers, partners, employees, co-venturers, joint

5  venturers, legal representatives, co-conspirators, aiders and/or abettors or alter egos of each

6  other, and in doing the things hereinafter alleged, were acting within the course and scope

7  of such relationships and with the knowledge, permission, ratification, consent and/or

8  adoption of each of the other Defendants.

9                           **GENERAL ALLEGATIONS**

10

11     26.    Tregub was retained by and rendered legal services for Bergstein for over a

12  decade.  Indeed, so great was Bergstein's trust and confidence in Tregub that he gave her

13  his power of attorney, relied upon her in his personal estate plan, and named her as the

14  Trustee of his family trust.  At various times relevant hereto, she also was retained by and

15  rendered legal services for Tutor and each of the Entity Plaintiffs.

16     27.    Tregub performed legal services in connection with the creation of the Entity

17  Plaintiffs, represented each of them in various business matters, represented some of them

18  in litigation, and is currently counsel of record for at least Plaintiffs R2D2, ThinkFilm,

19  CapCo, and Capitol Films Development in various pending lawsuits that have been filed

20  against those entities.  In the course of her representation of Plaintiffs, Tregub was privy to

21  massive amounts of highly sensitive, confidential financial, business and personal

22  information which was imparted to her in confidence so that Plaintiffs could obtain her

23  legal advice on myriad issues relating to their respective business, business plans, and

24  litigation strategies, among other things.

25     28.    Tregub represented and advised Tutor in connection with several matters,

26  including (1) the bankruptcy proceedings of a company called Franchise Films,  (2) the

27  negotiation of the agreement that resolved the dispute with Franchise Films; (3) the

28  negotiation of personal guaranties that Tutor and Bergstein gave to  DB Zwirn Special

1 Opportunities Fund, LP ("DB Zwirn") in connection with the purchase by Plaintiff LAAC

2 of notes and related collateral that secured loans DB Zwirn originally had made to

3 Plaintiffs ThinkFilm, FPLAC, and Zoopraxis, and (4) the defense of Tutor in a lawsuit

4 brought against him by a company called Bare Bones Productions. Tregub also

5 represented Tutor in connection with the formation of certain of the Entity Plaintiffs.

6 From time to time Tregub received monies into her Client Trust Account from Tutor, and

7 dispersed Tutor's monies out of her account to third parties, without receiving any written

8 authorization from him to do so.

9      29. As a result of her attorney-client relationship with Plaintiffs, Tregub owed

10 each Plaintiff a fiduciary duty to maintain inviolate the confidence of, and at every peril to

11 herself to preserve the secrets of, each Plaintiff, and to refrain from acting in any way that

12 would injure any Plaintiff in matters relating to Tregub's present or former representation

13 of that Plaintiff. That duty, which continues even after the attorney-client relationship

14 ends, is firmly entrenched in case law, and codified in Section 6068 of the California

15 *Business & Professions Code* and in the California Rules of Professional Conduct that

16 govern the ethical obligations of California lawyers, including Rule 3-100.

17      30. Beginning in mid-2009, Tregub became unhappy and problems ensued in her

18 representation of certain matters. By early 2010 she claimed that she had not been paid

19 money that she claimed was owed to her purportedly for time spent on legal matters for

20 certain of Plaintiffs. On several occasions, Tregub threatened Bergstein that if Plaintiffs

21 did not pay her the amount she contended was owed to her, she would "bring [Bergstein]

22 down" because she knew "where all the bodies are buried." Bergstein refused to give in to

23 Tregub's extortionate demand, and the relationship deteriorated significantly thereafter.

24      31. In retaliation, after Bergstein rejected Tregub's extortionate demand for

25 money, she embarked on a systematic and premeditated effort to harm Plaintiffs. Plaintiffs

26 are informed and believe, and on the basis of such information and belief allege, that she

27 permitted a lawsuit that had been filed against Bergstein to go to default, while telling

28 Bergstein that she had negotiated a settlement with the plaintiff in that case to resolve the

1   claim.  She refused to follow her clients' instructions in the defense of litigation claims,

2   and allowed deadlines to pass and matters to be unattended to.

3       32.    When Tregub stopped working for certain of Plaintiffs, she took with her

4   many of the corporate books and records as to the entities that she had structured. She left

5   the litigation files in a complete state of disarray, so that it was not possible to determine

6   the status of the litigation matters.  On information and believe, she began contacting

7   various employees and other counsel that represented Plaintiffs, and began urging them to

8   either leave Plaintiffs' employment or stop representing Plaintiffs.

9       33.    Most damaging of all, on information and belief, Tregub began contacting

10  Plaintiffs' creditors and urged them to file involuntary bankruptcy proceedings against

11  certain of the Entity Plaintiffs.  In order to induce and assist them to file such proceedings,

12  she provided those creditors and their counsel with confidential information about

13  Plaintiffs that she had learned, and only could have learned, in her capacity as a lawyer for

14  Plaintiffs.

15      34.    On March 17, 2010, certain alleged creditors (the "Creditors")  filed

16  involuntary bankruptcy petitions against five of the Entity Plaintiffs -- R2D2, CT-1,

17  Capitol Films Development, Capco and ThinkFilm (hereinafter referred to collectively as

18  the "Alleged Debtors").  Plaintiffs are informed and believe, and on the basis of such

19  information and belief allege, that the filing of those involuntary bankruptcy petitions was

20  a direct result of Tregub's efforts to organize, plan and help effectuate an involuntary

21  bankruptcy filing.  Tregub even went so far as to review, edit and approve the petitions at

22  the behest of counsel for the alleged creditors, Levene Neale Bender Rankin & Brill, LLP

23  ("Levene Neale"), and to obtain alleged creditors' signatures on those petitions, even

24  though she is still counsel of record in  pending litigation for at least one of the Plaintiff

25  Entities against whom the involuntary bankruptcy petitions were being filed.

26      35.    On or about March 18, 2010, the alleged creditors filed in the bankruptcy

27  proceedings an Emergency Motion for An Order Appointing A Trustee asking that a

28  trustee be appointed immediately to take control of the Alleged Debtors  That emergency

1 | motion was made on the ground that there purportedly was evidence of "gross
2 | mismanagement, dishonesty and incompetence" by the management of the Alleged
3 | Debtors, and was based on declarations of certain former employees of and a former
4 | consultant to the Alleged Debtors.  Plaintiffs are informed and believe, and on the basis of
5 | such information and belief allege, that Tregub solicited these individuals to submit
6 | declarations and told Levene Neale which individuals should be asked to provide
7 | declarations.   On information and belief, Plaintiffs allege that Tregub provided false,
8 | inaccurate, and misleading information to Levene Neale, and participated in the
9 | preparation of those declarations (using confidential information of Plaintiffs to do so),
10 | which she knew and intended would be used against the Alleged Debtors – her own
11 | present and former clients.

12 |     36.   Shortly before March 16, 2010, Plaintiffs learned that Tregub had agreed to
13 | represent Aramid Entertainment Fund Limited ("Aramid").  Aramid is a financier that had
14 | provided bridge loans to various single purpose entities that had been set up for film
15 | productions by CT1.   Bergstein became concerned that Tregub intended to work for
16 | Aramid, because Tregub previously had rendered legal services to CT1 and certain of its
17 | affiliated entities within the last six months defending *against* claims asserted by Aramid.

18 |     37.   On or about March 16, 2010, Bergstein received a copy of a complaint that
19 | Aramid and one of its related entities had filed against Bergstein and Tutor individually,
20 | claiming, among other things, breach of personal guaranties that had been given to secure
21 | loans made by Aramid to certain CT1 single purpose entities.  On information and belief,
22 | Plaintiffs allege that Tregub provided confidential information to Aramid's counsel in that
23 | guarantee action, Strook Strook & Lavan LLP, and also provided false, inaccurate and
24 | misleading information, and helped and assisted Aramid in the filing of that action.

25 |     38.   On March 19, 2010, Plaintiffs' counsel sent a letter to Tregub's counsel
26 | demanding, among other things, that Tregub cease and desist from disclosing confidential
27 | information of or about Plaintiffs to any third party; that Tregub cease and desist from
28 | cooperating with or assisting any alleged creditor or adversary of Plaintiffs; that Tregub

1    immediately return any and all documents in her possession that she obtained in the course

2    of her representation of Plaintiffs or their affiliated entities and that either belong to any

3    Plaintiff or contain confidential information of any Plaintiff or affiliated entity; and that

4    Tregub preserve all electronic and other documents relating to her actions as hereinabove

5    alleged.

6                       **FIRST CAUSE OF ACTION**

7         **(Breach of Fiduciary Duty by All Plaintiffs against**

8              **Tregub and Does 1-20, Inclusive)**

9

10      39.    Plaintiffs hereby reallege and incorporate Paragraphs 1-38, inclusive, as

11    though fully set forth herein.

12      40.    Tregub's conduct, as hereinabove alleged, constitutes a flagrant, malicious

13    and inexcusable breach of her fiduciary obligations to Plaintiffs.

14      41.    Tregub's disclosure of confidential information as hereinabove alleged, has

15    caused, is causing, and unless enjoined and restrained by this Court will continue to cause

16    Plaintiffs great and irreparable injury that cannot be adequately measured or compensated

17    in money. Plaintiffs have no adequate remedy at law.

18      42.    In addition, as a direct and proximate result of Tregub's conduct, as

19    hereinabove alleged, Plaintiffs have suffered monetary damages in an amount that they are

20    presently unable to ascertain, but which exceed the jurisdiction minimum of this Court.

21    Plaintiffs will seek leave to amend this complaint to allege the exact amount of such

22    damage when they have ascertained the same.

23      43.    The intentional actions of Tregub as alleged herein constitute acts of

24    oppression, fraud and malice, and Plaintiffs, in  addition to their actual damages, are

25    therefore entitled to recover punitive damages.

26

27

28

## SECOND CAUSE OF ACTION

### (Professional Negligence by All Plaintiffs Against

### Tregub and Does 1-30, Inclusive)

44.     Plaintiffs hereby reallege and incorporate Paragraphs 1-38 and 40-43, inclusive, as though fully set forth herein.

45.     Tregub owed Plaintiffs a duty to use such skill, prudence, learning and diligence as other members of her profession commonly possess and exercise in drafting agreements, litigating actions, and handling client funds entrusted to client trust accounts. Tregub further owed Plaintiffs a duty of loyalty and fidelity in carrying out her role as Plaintiffs' counsel.

46.     Tregub breached this duty, and performed below the applicable standard of care by, among other things, ignoring deadlines to respond to complaints in lawsuits in which Bergstein was personally sued, which resulted in at least one default judgment being taken against him; advising Bergstein that a Receivership proceeding had been terminated when those proceedings in fact remained open; and mishandling funds deposited into her Client Trust Account that were provided for intended use by one or more of the Plaintiffs to be paid to certain third parties, as to which Tregub dispersed without receiving written instructions, such that she was unable to account for the dispersal of such funds despite repeated requests therefor.

47.     As a direct and proximate result of Tregub's foregoing acts and omissions, and as a consequence of her negligence, Plaintiffs have been damaged in an amount that they are presently unable to ascertain, but which are in excess of the jurisdictional minimum of this Court. Plaintiffs will seek leave to amend this complaint to allege the exact amount of such damage when they have ascertained the same.

1

## PRAYER

2    WHEREFORE, Plaintiffs, and each of them, pray for damages against Tregub as

3    follows:

4    1.    That this Court issue an order enjoining and restraining Tregub and her

5    agents, servants, employees, attorneys and all persons acting in concert with

6    her, from (a) disclosing or aiding and abetting in the disclosure of any

7    confidential information of or about Plaintiffs, or any of them, or any of their

8    affiliated entities, (b) assisting any third party, including but not limited to

9    the alleged creditors in the involuntary bankruptcy proceedings presently

10    pending against the Alleged Debtors, in any presently pending legal, arbitral

11    or administrative proceeding against Plaintiffs, or any of them, or against

12    their affiliated entities; (c) assisting or representing any third party in any

13    matter in which such third party is adverse to Plaintiffs, or any of them, or

14    any of their affiliated entities, and such matter is substantially related to

15    Tregub's current or prior representation of Plaintiffs, or any of them, or any

16    of their affiliated entities; and (d) restraining Tregub, and any individual or

17    entity acting in concert with her, from destroying, disposing of, or altering in

18    any way, any communications that Tregub may have had about Plaintiffs

19    with any third party in connection with any matter adverse to Plaintiffs or the

20    involuntary bankruptcy proceedings.

21    2.    That this Court forthwith issue an order directing Tregub to show cause why

22    a preliminary injunction should not be issued pending the hearing and

23    determination of this action or further order of this Court;

24    3.    That this Court forthwith issue a temporary restraining order to enjoin

25    Tregub and her agents, servants, employees, attorneys and all persons acting

26    in concert with her, as set forth in the preceding paragraph 1 pending  the

27    hearing on said order to show cause;

28    4.    For damages and punitive damages, according to proof at the time of trial;

5.    For Plaintiffs' costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

Dated: March 24, 2010

CASTLE & ASSOCIATES
Nomi L. Castle
Robert S. Blonstein

MITCHELL, SILBERBERG & KNUPP, LLP

By: _____
Lucia E. Coyoca
Patricia H. Benson
Attorneys for Plaintiffs

-13-
Complaint

1

## PROOF OF SERVICE

2    I am employed in Los Angeles County, California. I am over the age of

3 eighteen years and not a party to the within-entitled action. My business address is

4 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On

5 April 1, 2010, I served a copy of the within document(s): **NOTICE OF**

6 **REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

7
8
9
   X    by placing the document(s) listed above in a sealed envelope with
         postage thereon fully prepaid, in the United States mail at Los Angeles,
         California addressed as set forth below.

10
11
12
13
   Robert Blonstein, Esq.
   Castle & Associates
   19725 Century Park East, Suite 210
   Los Angeles, CA 90067

14
15
16
   Lucia E. Coyoca, Esq.
   Mitchell, Silberberg & Knupp, LLP
   11377 West Olympic Boulevard
   Los Angeles, CA 90064

17
18
19
   <u>By Hand Delivery</u>
   Los Angeles County Superior Court
   111 North Hill Street
   Los Angeles, CA 90012

20    I am readily familiar with the firm's practice of collection and processing

21 correspondence for mailing. Under that practice it would be deposited with the

22 U.S. Postal Service on that same day with postage thereon fully prepaid in the

23 ordinary course of business. I am aware that on motion of the party served, service

24 is presumed invalid if postal cancellation date or postage meter date is more than

25 one day after date of deposit for mailing in affidavit.

26    I declare under penalty pursuant to the laws of the United States that I am

27 employed in the office of a member of the bar of this court at whose direction the

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

009900, 000080, 502817250.1

PROOF OF SERVICE

1    service was made.

2         Executed at Los Angeles, on April 1, 2010.

3

4                                    _____

5                                         Kimberly Kay

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

009900, 000080, 502817250.1                    - 2 -